Thank you, Judge Prost. Samitha, could you please stand? Colleagues, I move for the admission of Samitha Meditia. She's a member of the Bar. It's good standing with the highest courts of Virginia and the District of Columbia. I have knowledge of her credentials and I'm satisfied. She possesses the necessary qualifications. Before we move forward, I'd like to just make a few comments. We've all heard the saying that time flies. You know, it flies as you get older, it flies faster the older you get. It also goes by very quickly when you're having fun, but it goes by even more quickly when you're working hard. That said, I think that this past year has flown by very quickly for you in the time that you served as my law clerk. It certainly has flown by quickly for me. I know that before us stands a woman who will be an excellent practitioner and will bring honor and dignity to the court and to the legal profession. Well, I'm delighted on behalf of myself and Judge Hughes to grant the motion. Welcome to the Bar. Please take the oath. I please raise my hand. Do you solemnly swear or affirm that you will comport yourself as an attorney and counsel of this court, uprightly and according to law, and that you will support the Constitution of the United States of America? I do. Welcome to the Bar of the United States Court of Appeals for the Federal Circuit. Congratulations. Thank you. Our first case this morning is 16-2000, Unilock v. Sega of America. Mr. Geiser, ready? Thank you, Your Honor, and may it please the court. The court committed three independent errors below, and if the court agrees with us on any one of those points, reversal is warranted. The board, you mean, not the court. The board. If the court agrees with us, the board committed errors. I'm sure the court will get it right. The first mistake that the board made is it applied the wrong legal standard. It was looking for structure, which is a requirement under Section 112, Paragraph 6, not whether the disclosure reasonably conveyed to a skilled artisan that the inventor actually possessed the invention at the time of the prior application. But the invention includes the structure. You agree? Oh, absolutely, Your Honor. And so the point is not that that structure, though, has to be present in order for the written description requirement to be satisfied. The question is whether the disclosure that existed in the provisionals encompassed the subsequent invention, including that disclosure. I'm sorry, including that structure. So the key is, as long as the Australian provisionals would capture, they encompass. Let's say that the Australian provisionals disclosed the structure. They'll forget about the written description. But let's say that you're correct and the board conducted a, used the wrong legal inquiry here. If the board finds that there was sufficient structure in the Australian provisionals, doesn't that necessarily mean that the written description disclosed the claim terms? Well, I think so, Your Honor. As long as there is structure in the provisional, then. So there's no mistake here, then? Well, no, no, no, Your Honor. Maybe I didn't understand the question. And if so, I'm sorry. The key is, if the board. Maybe they used the wrong test, but they got the result right. Or maybe if you do use a 112-6 inquiry when you're making a priority examination, that it really doesn't matter. I mean, obviously, you've got to use a 112-A question. But if you use a 112-6 and you find structure in the provisional, doesn't that necessarily mean that the written description, that 112-A, is satisfied? Well, Your Honor, let me try it this way, just to make sure I'm understanding the question correctly. If the disclosure in the Australian provisional covers the structure that was eventually claimed in the patent, then of course there's written description for it. If the board applied the right test and said, I'm looking to see if a skilled artisan would see that this disclosure reasonably conveyed the ultimately claimed structure, and it said, I don't think that the disclosure covers that structure, then we submit that the board has lacked substantial evidence for that finding. That's the second mistake that the board would have made. But the more fundamental problem here is that the board really was asking, does this express structure explicitly appear in the Australian provisional, which again, is the standard under paragraph 6. Now, if they actually applied the right test and they concluded that the disclosure in the Australian provisional doesn't reach the T16 patent's ultimate claim, again, we submit there's simply no substantial evidence. The Australian provisional asked about combining information by taking data inputs, adding them together, and getting a registration number. The most natural way to understand that disclosure is a summation algorithm. It's saying, add those terms together. I don't see how anyone could suggest that a skilled artisan at the time, someone who has a degree in computer science, who has practiced in the industry for a few years, would see that disclosure and not immediately think summation is one way to combine information. Well, but here's my problem with that. I was afraid that's where you were going to go, because I do see some merit to the notion that you can't require the explicit structure from the patent because it's a 112A inquiry. But what do you do when your claims actually are confined to that explicit structure, which you've agreed to? It can't be anything else. It can't be any other kind of algorithm that a reasonable artisan may have come up to do the same thing. But then the language you're pointing to in the priority document doesn't confine it to that specific structure, but does it in a number of ways that may encompass but doesn't definitely include that structure. How do we know that that's true? Well, I think I just want to quibble with the premise of what Your Honor has asked. I think it was undisputed below that it does encompass it. The only question is, does it exclude other means of carrying out the algorithm? Does it exclude concatenation, for example? And we submit that is not the right test under this court's traditional bedrock written description analysis. I think it'd be pretty extraordinary to say that for purposes of paragraph one, you need to have the express disclosure of every ultimate claim in a patent. We know that's not the rule. You don't even need to disclose embodiments to capture an adequate written description. And I think an easy and helpful way to look at it is take paragraph six and assume that instead of doing means plus function claiming, they actually... Let me try a hypothetical because I get what you're saying, but I'm still a little fuzzy because I don't know where all this comes in with an obvious analysis and all these other things and how it would work out. I know this is a provisional. It's not an actual patent that's being examined. But suppose your provisional had a set that included one, two, three ways of doing things and your means plus function is only the third way of doing things. Your view is that that's enough to get priority to that provisional. Absolutely, Your Honor, because think of it this way. How do we know that that third way of doing things is what you've invented or it's something that might have been in the prior art that you hadn't invented or that... How do we know that this... Because you haven't set out one, two, three ways of doing things. You're just saying a skilled artisan would have known these are three ways of doing it. We still don't know which one you invented. Sure, Your Honor, but again, I think the question is, and there could be facts, and I think Lucent is a great example of this, where maybe the technology is complicated or unpredictable and it's not really clear if the inventor knew the third way, even if most people would have known the first or the second. That's not... Those aren't the facts here. Here, everyone agrees that when they saw the disclosure to combine numbers by adding data inputs, that at least included summation. Everyone knew it did. The question is, did it exclude other means? Now, obviousness is a different point. I know my friend has suggested that we're conflating the written description requirement with an obviousness challenge, but we're not. The point of saying that you can't simply rely on the knowledge in the field to supply an adequate written description says that if the disclosure doesn't encompass what you've claimed, if you haven't used generalized terms that clearly to every skilled artisan jumps off the page, they know it's included based on the actual disclosure that you've made, then you can't rely on obviousness to supplement the disclosure. That's not what we've done here. We've used a term that unambiguously includes at least summation. And I don't think anyone would plausibly suggest otherwise. Because again, you're talking to skilled artisans. Is there a finding from the board on that fact? What the board said, and they said this repeatedly at different points, is it's an implicit finding, I believe. They said that there are multiple ways to do this. They said summation isn't the only way. It says it doesn't necessarily mean only summation. That the board was looking for that express disclosure to be absolutely clear that the I think you're getting me back to the same problem I'm having. If it's an implicit finding, and all you're pointing to is people would have known this could have been included, how do we know that it was included in the provisional? Well, again, Your Honor, our expert below said that this is clearly one of the options. Dr. Mattacetti, which is my friend's expert below, said this would have been included. They just said there are other means of carrying out the pros that's disclosed in the Australian provisionals. Again, I think looking at the traditional factors that the court considers in deciding if written description is adequate, you ask things like what's the existing technology in the field? Is this a complicated or complex or unpredictable technology? All those factors point in our favor here. This is an elementary rudimentary concept. You're taking two data inputs, and you're combining them to a single registration number, and you're saying you're adding them together. I think it's very hard to read that other than to mean what it most naturally says, which is it uses addition. I think it would be pretty striking if my friends... You can add two numbers together. I can add two and four together and arrive at 24, right? It's different from adding them together. Two plus four is six. Sure, Your Honor, and that would be concatenation. Now, I think it's interesting the board below said that concatenation necessarily uses summation. So even if you take the board's own theory, the Australian Provisional, if it's concatenating, necessarily uses summation. Now, we think the board was wrong about that, by the way, because we think that the Shull disclosure, and maybe I should switch to this just to make sure I get it in, that the Shull disclosure talks only about concatenation, and that the expert below for the petitioners was absolutely clear that there are two separate ways to concatenate numbers. One involves summation, and the other does not. Now, the court's precedent is unambiguous that to anticipate a disclosure has to expressly include each element, or it has to inherently include it, so that there's no alternative means to carry out the prior art or the purported prior art without meeting each element. Counselor, what's your support for your argument that the board conducted a Section 1126 analysis when looking at the Australian Provisionals? We think it's as clear from the entire length of the discussion, Your Honor. Do they say that, that we're looking at a 112, or is it because they use the word structure? It uses the word structure repeatedly. It starts off by saying in the court's Microsoft decision, there was an express disclosure of a summation algorithm, and it said that that embodiment in the ultimate patent wasn't found in the provisionals, so therefore necessarily that structure wasn't present. It concludes by saying it doesn't specify the specific algorithm disclosed in the six embodiments. Why don't cases like Atmel and Lockwood support the legal basis upon which the board did its analysis? I don't think they do, Your Honor. What those cases hold is that you have to, again, just reasonably convey to a skilled artisan that you had possession of the limitation claimed. And under the court's written description analysis, you don't need to articulate every single specific embodiment in the claim. Suppose this wasn't means plus function claiming. Suppose that at the end of the first claim, they said that this is a means for generating a unique ID, which means a summation algorithm. I think it would be fairly striking that if looking at the Australian provisionals, the court would conclude that that lacked adequate written description to convey to a skilled artisan at the time that the inventor had actually conceived of a summation algorithm when he talked about combining information by adding data inputs together. I think under traditional written description analysis, that holds. There is nothing at all about the priority context that changes this court's reasonable description requirement. In fact, Sections 119 and 120, which, by the way, the board did not cite, directs the inquiry to Section 112, Paragraph 1. It's the same exact analysis. The only difference is you don't need to include best mode. This is nothing at all about Paragraph 6. And the only reason you need to expressly disclose a structure is to check purely functional claiming. It's so that people who are out in the public and making sure they're not practicing the invention, they're aware of what the patent circumscribes. That is not the test for written description. That is not the test for deciding if the public could look at the patent and conclude, this inventor, in fact, had this. And remember, summation, whether it's a summation. If you find sufficient structure in the Australian provisional, doesn't that necessarily mean that there's sufficient written disclosure? If they find it. Well, again, if they find the sufficient structure of a summation algorithm, then yes, then there is a written description for a summation algorithm. And we submit, again, that this actually discloses a summation algorithm. At a minimum, it discloses a generalized term in the board's words that includes summation. I see I'm eating into my time. Thank you very much. Your Honor, it's Eric Burrish on behalf of Appalachia Police. May it please the court. I think it's essential to just start out with the proper legal standard. And it coincides with the analysis provided by the board. It is undisputed by both parties here that a priority analysis must be conducted against and in light of the actual claim limitations. Lockwood says the claimed invention with all its claimed limitations. So we're starting from the starting point of the claim limitations that are found in the 216 patent. Now, the analysis that the board provided, which is the analysis that I advocated and is actually the analysis that has been approved by the Federal Circuit in Lucent Technologies, is a two-step process as it is with every claim. First is claim construction, and then you apply your priority analysis to the construed claims. The only thing that the board did with respect to 1126 was to construe the claims. So as everyone below in the other unilog proceedings... Did the board do that or did the district court... The district court did that. The board really never conducted it. And in fact, it wasn't disputed. So the claim construction for the means for generating was a summation algorithm or equivalent. So now you have an understanding of the claim terms. Correct. Okay. Why then would the board go and look for structure in the estuary provisionals? Because the claims that were challenged... There were other claims where priority was not challenged in the 216 patent, but for those means plus function claims where priority was challenged, the board had a claim limitation that required a summation algorithm. That was the claim limitation. Okay. So now we take that claim limitation and we go do a 112-1 or now 112-A analysis under  immediately discern the claim limitation here, a summation... Is that what the board asked? Or did the board ask whether there's a similar equivalent structure in the Australian provisional? The board asked whether looking at Lockwood, would one of ordinary skill in New York clearly conclude or immediately discern the claim limitation? I know what Lockwood does. What did the board do? That's exactly what the board did. The board asked for Unilock to point to disclosure in the Australian provisional of a summation algorithm or an equivalent. Wait, that's a little different than what you were just saying though, isn't it? I thought you were just saying the board's job, once it's construed the claims, is to look at the provisional and determine whether somebody of ordinary skill would understand that the provisional disclosed the summation algorithm. And if I said something the second time around, other than that, that's not what I intended. Well, I think the difference here is, and it's a slippery one, I find this issue a little difficult, but it's does the summation algorithm itself have to be in the provisional or can a reasonable skilled artisan looking at the provisional discern that it encompasses a summation algorithm? Is it the first or is it the second? It's the first. Why? Under the case law, and this comes to the heart of Unilock's argument, that essentially it's an umbrella approach. That if we have a specific claim limitation and it is encompassed or falls under an umbrella of a general disclosure, that that provides priority support or 112 written description support. And that is inconsistent with the case law. If we look at, I'm going to give you a couple of specific sites that address this, but I'll start with Lockwood. Okay. We've read the citations in your book, but let me get... Let's take this outside of a means plus function claims, because this, I think, complicates it a little bit. Suppose the claim didn't have means plus function, but just said has a summation algorithm. In looking back, and the provisional doesn't say summation algorithm, but you have all this expert testimony that's undisputed. I know this isn't your case in your view, that says a person reading the provisional would understand it to have disclosed a summation algorithm. Why isn't that enough to get priority? That is not the record evidence. Is that enough to get priority then? If one of ordinary skill in the art looked at the disclosure of the Australian provisionals and said, I understand that to be teaching a summation algorithm, I agree with you that that would be enough. It doesn't have to have the specific summation algorithm in it. It just has to be something that a skilled artisan could look at the provisional and discern that it includes a summation algorithm. Not includes. You've answered my question two separate ways. Does it have to actually be in the provisional, or can a skilled artisan look at it and say, this invents a summation algorithm? One of skill in the art must be able to look at the Australian provisionals and understand that it actually or inherently discloses a summation algorithm specifically. It is not enough that one could look at the Australian provisionals and see that among a myriad of options, summation might be one of them. Because that does not show possession of the summation algorithm. It shows possession of a broad concept. That is the distinction. I'm being very consistent in approaching that distinction. An umbrella disclosure of a broad construct does not show possession of the specific disclosure of a summation algorithm. To satisfy written description requirement for a narrow claim limitation that includes explicitly a summation algorithm, one of skill in the art must be able to immediately discern that specific disclosure. Not an umbrella. But that, I'm not sure where we're drawing the distinction here. That specific disclosure and others perhaps, or only that specific disclosure? Because an umbrella can be construed different ways. An umbrella can say, this umbrella includes three things. Well, if summation is one of those three things, then that, in your view, would be a sufficient disclosure, right? If it specifically disclosed a summation algorithm, that would be sufficient. But what would the testimony? What if it includes an umbrella, and everyone skilled in the art would construe an umbrella as including three things, including summation? Is that sufficient? If we have an umbrella that says, functionally, I'm going to combine or add information, and there is countless things that could fall under that, that is not sufficient. If the hypothetical you're describing is, I have an umbrella disclosure, and it can only include one, two, and three, and it necessarily includes three, which in your example was the hypothetical, then I believe that would be enough. But that is not the evidence in this case. We do not have one, two, and three. We have a broad disclosure that says, anything that adds or combines would satisfy the Australian provisions. Anything. Is summation one of those? Perhaps. But I'm a little concerned that the board didn't do the right analysis. If you agree that that's the right analysis, it seems to me what the board did was require that an actual summation algorithm be disclosed, not just that a skilled artisan could discern it from the provisional. They're two different things. Whether it's in the specific text, or whether a skilled artisan can read that text and understand that it's disclosed. I think the latter may be the right rule. I think the board did the former rule. No. The board asked the question, is there evidence in the record that supports the conclusion that one of ordinary skill in the art would review, and it's figure 2B out of the Australian provisionals. User details added to registration number, et cetera. That was a disclosure. And the board specifically asked the question, did one of ordinary skill in the art say that interpreting that disclosure, I understand there to be a disclosure of specifically summation. Now, did the board require it to specifically be summation? Yes, but that's the appropriate standard. If we look at Lockwood, again, umbrella disclosures are not enough. It has to be actual or inherent disclosure of the claim structure. That is the proper legal test. Actual or inherent disclosure of the specific claim limitation. That's under Lockwood. Under Power Oasis, again, it's actual or inherent disclosure in the priority document. Can you show me where you think the board did that? Sure. Your Honor, in the final written description at page 15, and that's at appendix 15. The board here is talking about patent owner's declaration from Dr. De Julius, which was their evidence of this proposition that the Australian provisionals convey to a person of ordinary skill in the art, a summation algorithm. And the board walks through Dr. De Julius' analysis, and at the bottom of page 15, specifically states, we are not persuaded by patent owner's evidence that the Australian provisional applications conveyed to a person of ordinary skill in the art, a summation algorithm, or a summer and equivalence thereof. And the analysis goes on to further explain why. But the board asked and answered specifically the right question. Then, counsel look at page 16 and 17 at the bottom, which is discussing the additional disclosures from the specification. It says, therefore, these additional disclosures from the specification are insufficient for one's skill in the art to immediately discern the limitation at issue, namely a summation algorithm. So it looks like it was looking specifically for a summation algorithm. That's absolutely correct. And again, in Lockwood, your honor, it has to be actual or inherent disclosure of the claim limitation. The claim limitation in this case, and set aside 112.6, I believe Judge Hughes' example is appropriate. If we set aside 112.6, but we assume a claim that on its face states, requires a summation algorithm, then it's wholly appropriate for the board to ask the question of whether that claim limitation is disclosed in the Australian provisionals. Because again, you have to start with the claim limitation. That is specifically the right question. Would one of ordinary skill in the art immediately discern, that's straight out of Lockwood, the claim limitation? There is no question that that is the right standard under the law. And it goes on in this analysis because Dr. De Julius was absolutely confused about what the Australian provisional actually disclosed in figure 2B. The board noted that. The board found his testimony not credible because he did not understand the technical disclosure. Are we talking about the sixth embodiment they talk about later on? We're talking here on page 17 where the board found Dr. De Julius' testimony regarding figure 2B not credible. Right. So, I hope I've answered all your questions on the legal standard. If I haven't, and again, I understand that this can be, the interface with 112.6, I just want to reemphasize, is really only applicable to defining the claim limitation. From there, you have to ask, is that claim limitation actually or inherently disclosed, which is precisely what the board did in this case. When you get by the priority questions and find that Shoal is prior art, the remainder of the, excuse me, the remainder of the analysis becomes one of a question of substantial evidence. And the board certainly had substantial evidence to support his findings as to Shoal. Dr. Mattesetti testified both in his deposition and in his declarations that Shoal disclosed to one of ordinary skill in the art, a summation algorithm. There were multiple citations in support of that concept. There was also multiple citations in support of the fact that Shoal disclosed a checksum and that the checksum was itself a summation algorithm that was used to generate the passwordable ID in Shoal. So, the substantial evidence is clear as to the application of Shoal to the summation algorithm required by the 216 patent. And I believe the remaining issue, your honors, was a constitutional issue, which I'm happy to answer any questions on if you have questions. What's the difference between a checksum and a summation algorithm? So, the passwordable ID that was disclosed in Shoal was generated using, not what my colleague referred to as just a general concatenation. Are they two different functions? There is concatenation that is a first step in generating the passwordable ID and there is a checksum that is a second step in generating the passwordable ID. So, they work together in Shoal to create the final passwordable ID. Would you say that's a summation algorithm? Both of them are independently summation algorithms that are used to generate the passwordable ID in Shoal. So, it's two separate summation algorithms both used in the process of generating a single ID. If the Australian provisions had used the word concatenation, then would your argument, would that affect your argument? It would not. Because there are... How about checksum or both of them in combination? Checksum, the Australian, the record evidence is that all forms of checksums are a summation algorithm, that using a checksum necessarily involves summation. So, if the Australian provisionals had used checksum as part of their disclosure, that would change my analysis. The use of the word concatenation would not because there are many forms of concatenation that do not include summation. The point is that the specific form of concatenation that was described in Shoal from the perspective of one skilled in the art is summation. But just using the word concatenation in general, no, that would not change the analysis. It would be the same type of umbrella approach that you see from the word combined that was provided in the Australian provisionals. And combined, just to reiterate, doesn't get you to summation. It gets you to the idea of combining data. That fundamentally is the problem with the priority analysis. Thank you, Your Honors. Thank you, Your Honors. I think that there are a couple of quick points. Just to not shoal out of the way very quickly, Dr. Mack. Actually, could you just look at the board's decision on the legal issue? Because, I mean, I get your argument, but I'm not sure that the board necessarily did what you say it did. I think it did, Your Honor. I think this is how we know that. It starts off by asking, did the specific sixth embodiment appear expressly in the Australian provisional? It wasn't asking, is the substance disclosed? It was saying, are those words there? Is that embodiment present? Because it was looking for structure. It continues, and it goes on. On page 19 of the appendix, also the board's decision, it says that Dr. Mattacetti testified the word add does not necessarily mean sum, because it can also describe adding redundancy or adding a header. We've already explained why those two options don't make any sense in the context of this particular disclosure. But you go back to pages 15 and 16 that your friend just pointed to me, and they say different things. Well, your Honor, that's the raw conclusion. It's not just a raw conclusion, though. It goes through the evidence of the expert and explains why it doesn't teach summation. Well, I respectfully disagree, Your Honor. What it said is that it doesn't necessarily teach summation. And we know this because Dr. Mattacetti himself testified that it does teach summation. If you look to page 3420 of the appendix, he admitted in the deposition that summation is possible. But he said that it's not disclosed because there are other ways to do it, because he's proceeding on the assumption that it has to be expressed. Yeah, but you're arguing substantial evidence now. Sure, but I'd rather argue the legal standard for obvious reasons. And I do think, though, if you just march through the board's analysis, let's take it to the conclusion. As it keeps going, it's asking for an express, explicit disclosure. And it keeps asking, is the structure there? I mean, does it say it needs an express, explicit disclosure? Well, I think this is the, I mean, there are a lot of different places we put it on our briefs, as I realize, because my time is running slow, or about to run out. On page 19 and 20, it says in the context of the patent, the disclosures that appear in the provisional do not convey the specific algorithm disclosed in the sixth embodiment. It talks about earlier on page 19. I don't think you just said the word express or explicit. You said convey. Oh, but it says earlier, though, the add does not necessarily mean sum. It says that there's more than one way to combine information. And again, we think it's simply implausible to read a disclosure talking about combining data inputs by adding them, producing a registration number, and that a skilled artisan wouldn't see that and know it captures the concept of a summation algorithm. What about the language on page 13 at the middle of that paragraph? It says, therefore, we turn to the patent owners, showing whether a provisional, a certain provision is necessary to disclose or reasonably convey the structure for a summation or algorithm, or the equivalence thereof. Well, that looks, seems, one can say that they're searching for a specific structure, as opposed to whether written description discloses a certain term. The fact that the board walks through these arguments and there's evidence that supports the board, substantial evidence, what does that do to the legal argument? I mean, this is my first question to you. We're looking at a harmless error type situation here. May I answer the question, Your Honor? I don't think it's harmless at all. I think that you are right, Judge Reyna, that this shows is additional support for the concept that the board was looking for express structure, rather than the paragraph one requirement of a reasonable description. Does this reasonably convey? I think that it's anything but harmless. Again, you have evidence below that everyone agrees that this generalized description, as the board calls it, captures summation. And any skilled artisan would know that this feature that's not even material to the patent, as this court made clear in Microsoft, all you really need is an algorithm. It just happens to be they chose summation. That combining numbers by adding them together is summation, at least summation is an option to a skilled artisan. Thank you. Thank you, Your Honor. Both sides in the case submitted.